NOT DESIGNATED FOR PUBLICATION

No. 123,130

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY D. STEVENSON SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed June 11, 2021. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Larry D. Stevenson Sr. appeals his sentence following his conviction of one count of violating the Kansas Offender Registration Act (KORA). We granted Stevenson's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has responded and asks us to dismiss the appeal for lack of jurisdiction.

On June 3, 2020, Stevenson pled guilty to one count of violating KORA by failing to report for registration as required. Under the plea agreement, both parties recommended that the district court grant Stevenson's motion for a durational departure and impose a 34-month prison sentence. At the sentencing hearing on July 15, 2020, the

1

district court approved the plea agreement and granted Stevenson's motion for a departure sentence of 34-months' imprisonment with 24-months' postrelease supervision.

Even though Stevenson received the exact sentence that he asked the district court to impose, his public defender filed a notice of appeal and the district court dutifully appointed the appellate defender's office to handle the appeal. In the motion for summary disposition, Stevenson argues that "the district court erred in sentencing him." But he concedes that this court lacks jurisdiction to review a plea-negotiated sentence that the district court approved on the record. The State's response points out the same thing.

Both parties are correct. Under K.S.A. 2020 Supp. 21-6820(c)(2), appellate courts shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. And even though K.S.A. 2020 Supp. 21-6820(a) provides that a departure sentence is subject to appeal by either party, K.S.A. 2020 Supp. 21-6820(c)(2) is a more specific provision than K.S.A. 2020 Supp. 21-6820(a). See *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017). Thus, we lack jurisdiction to review Stevenson's plea-negotiated sentence even though the sentence results from a departure.

Appeal dismissed.